ORIGINAL

**FILED** E-FILING

JUL 1 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

RECEIVED

JUL 12 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In the matter of the Application of SCHNEIDER (EUROPE) GMBH, Petitioner, For an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent TACTX MEDICAL, INC., For Use In Claim No. 2006/1930P Pending In The High Court, Republic of Ireland | Case No. CV 07-80176 MISC JW RS<br>Claim No. 2006/1930P<br>(High Court, Republic of Ireland)<br>~~PROPOSED~~ ORDER RE APPLICATION FOR DISCOVERY IN AID OF FOREIGN LITIGATION PURSUANT TO 28 U.S.C § 1782 |

The Court having considered the accompanying Application for Discovery in Aid of Foreign Litigation Pursuant to 28 U.S.C. § 1782 and Federal Rule of Civil Procedure 45, the Declaration of Grace Smith in support thereof, and the exhibits attached thereto, it is hereby ORDERED:

That Petitioner be granted discovery in aid of foreign litigation by granting it or its attorneys leave to issue and serve a subpoena compelling Tactx Medical, Inc. to (1) produce documents set forth in the attached subpoena (Ex. A) and (2) make itself available for testimony concerning documents and topics therein via videolink between Ireland and California for use in Claim No. 2006/1930P Pending In The High Court, Republic of Ireland, to the extent ordered by the Irish High Court.

Dated: 7-13-07                                    _____
                                                         United States District Court Judge

HOWREY LLP

PROPOSED ORDER RE APPLICATION FOR DISCOVERY IN
AID OF FOREIGN LITIGATION PER 28 USC § 1782
DM_US:20570098_1

# CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in San Mateo County, California. I am over the age of eighteen years and not a party to this action. My business address is 1950 University Avenue, 4th Floor, East Palo Alto, CA 94303. I am readily familiar with the firm's practices for collection and processing of correspondence for mailing with the United States Postal Service. On July 12, 2007, I sent copies of the attached document via first class mail to the addresses below. I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**PROPOSED ORDER RE APPLICATION FOR DISCOVERY IN AID OF FOREIGN LITIGATION PURSUANT TO 28 U.S.C § 1782**

In a sealed envelope, postage fully paid, addressed as follows:

Tactx Medical, Inc.
c/o Douglas Wilkins
989 Leo Drive
San Jose, CA 95129

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 12, 2007, at East Palo Alto, California.

_____
Tracy Gibbs

# EXHIBIT A

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

IN RE APPLICATION OF SCHNEIDER (EUROPE) GMBH    **SUBPOENA IN A CIVIL CASE**

V.

Case Number:[1]

TO: Tactx Medical, Inc.
C/O Douglas Wilkins
989 Leo Drive
San Jose, CA 95129

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| See Attachment 1 | TBD |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment 1

| PLACE | DATE AND TIME |
|---|---|
| Howrey, LLP, 1950 University Ave, 4th Floor, East Palo Alto, CA 94303 | August 10, 2007, 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Petitioner | July 12, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert E. McAlhany, Jr., Ph.D
HOWREY LLP
1950 UNIVERSITY AVE, 4th FL., EAST PALO ALTO, CA 94303   TEL: 650-798-3521

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

# ATTACHMENT 1

# DEFINITIONS

The following definitions and instructions are applicable to these requests for production:

1. The term "Documents" shall have the same broad meaning as in Rule 34 of the Federal Rules of Civil Procedure. It includes, without limitation, electronically stored information (such as e-mails and data storage), notes, letters, correspondence, communications, facsimiles, memoranda, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, illustrations, product descriptions, product analyses, documents related to proposed or actual product improvements or changes, users manuals or guides, installation guides or manuals, technical descriptions or specifications, product functional descriptions or specifications, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents and other material known to you or in your possession or control.

2. "Tactx" or "you" means Tactx Medical, Inc. and Tactx Medical/Produxx Inc., including any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units, and present officers, directors, employees, or agents.

3. A request for all documents "relating to," "referring or relating to," "concerning," "related to," or that "refer or relate to" a subject matter extends to each document that constitutes, represents, embodies, illustrates, evidences, contains, utilizes, supports, modifies, contradicts, criticizes, negates, distinguishes, rebuts, discusses, mentions, makes reference to, describes, records, reports, reflects, pertains to, concerns, or was prepared in connection with, the subject matter specified.

4. The use of the singular shall be deemed to include the plural.

5. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

6. The terms "each" and "any" shall mean each and every.

HOWREY LLP

1

**INSTRUCTIONS**

1. You are required to produce for inspection and copying all of the requested documents that are in your possession, custody or control. Schneider (Europe) GmbH will agree to reimburse your reasonable costs of copying and transporting the requested documents.

2. All documents that respond, in whole or in part, to any portion of this subpoena are to be produced in their entirety, without abbreviation or redaction, including all attachments or other matters affixed thereto.

3. If any otherwise responsive document was, but no longer is, in existence or in your possession, custody or control, identify its current or last known custodian, the location/address of such document, the date of the document, the names of the authors of the document, the persons from whom the document was received or to whom the document was sent, the subject matter of the document and describe in full the circumstances surrounding its disposition from your possession or control.

4. If you find the meaning of any term in this subpoena to be unclear, you should assume a reasonable meaning, state what the assumed meaning is, and produce documents on that basis of that assumed meaning.

5. If, after the date you produce documents responsive to this subpoena, you discover or receive additional documents that are responsive to this subpoena, promptly produce all such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

6. Any document called for herein which respondent claims to be privileged or protected against discovery on any grounds shall be identified by giving:

    (a) a description of the general type of document, i.e., letter, internal memorandum, report, miscellaneous note, etc.;

    (b) the date;

    (c) the author;

    (d) all addressees or recipients;

    (e) all other distributees;

    (f) the organisation, if any, with which the author was then connected;

HOWREY LLP

-2-

ATTACHMENT 1 TO SUBPOENA TO TACTX MEDICAL, INC.
DM_US:20570276_1

(g) the organisation, if any, with which each addressee, recipient, or distributee was then connected;

(h) the grounds for refusing to produce the document; and

(i) a description of the document's content that is sufficiently detailed to allow assessment of the adequacy of the grounds for refusing to produce the document.

7. If a claim is made that a portion of a document is privileged or protected against discovery on any grounds the document shall be produced with the material being withheld redacted. The redactions shall be clearly indicated on the face of the document, and the document shall be listed in accordance with ¶ 6, above.

8. No document or information shall be withheld on the asserted grounds that such document or information therein is not reasonably calculated to lead to the discovery of admissible evidence unless (i) the burden of responding is fully described and (ii) persons familiar with the document or information requested are identified.

## DOCUMENT REQUESTS

1. All documents relating to the design, composition, testing and certification and/or regulatory approval of, including CE marking and manufacture of the inner tubes comprised in Conor Medsystem Ireland Limited's CoStar Paclitaxel-Eluting Coronary Stent System ("the CoStar Product"), the nature, composition (including the materials from which they are manufactured) and securing together of any layers or surfaces of the same, and their mechanical properties including friction co-efficients.

2. All documents relating to the design, composition, testing and certification and/or regulatory approval of, including CE marking and manufacture any balloon comprised in Conor Medsystem Ireland Limited's CoStar Paclitaxel-Eluting Coronary Stent System ("the CoStar Product"), its composition, and positioning in relation to any catheter tube and its connection with and securing to any catheter tube(s).

3. All documents relating to the design, composition, testing and certification and/or regulatory approval of, including CE marking and manufacture the layers or surfaces of the inner catheter tube of Conor Medsystem Ireland Limited's CoStar Paclitaxel-Eluting Coronary Stent System

("the CoStar Product"), including any relationship or connection between each layer or surface, including the positioning of the surfaces in relation to one another and/or the attachment together of them, including for example, extrusion of such layers or surfaces and extrusion parameters.

4.  All documents relating to the design features identified in requests 1 through 3.

## TOPICS FOR TESTIMONY

To the extent ordered by the Irish High Court, Tactx is directed to designate one or more of its officers, directors, managing agents or other persons to testify on its behalf on the following matters via videolink between Ireland and California:

1.  The design, composition, testing and certification and/or regulatory approval of, including CE marking and manufacture of the inner tubes comprised in Conor Medsystem Ireland Limited's CoStar Paclitaxel-Eluting Coronary Stent System ("the CoStar Product"), the nature, composition (including the materials from which they are manufactured) and securing together of any layers or surfaces of the same, and their mechanical properties including friction co-efficients.

2.  The design, composition, testing and certification and/or regulatory approval of, including CE marking and manufacture any balloon comprised in Conor Medsystem Ireland Limited's CoStar Paclitaxel-Eluting Coronary Stent System ("the CoStar Product"), its composition, and positioning in relation to any catheter tube and its connection with and securing to any catheter tube(s).

3.  The design, composition, testing and certification and/or regulatory approval of, including CE marking and manufacture the layers or surfaces of the inner catheter tube of Conor Medsystem Ireland Limited's CoStar Paclitaxel-Eluting Coronary Stent System ("the CoStar Product"), including any relationship or connection between each layer or surface, including the positioning of the surfaces in relation to one another and/or the attachment together of them, including for example, extrusion of such layers or surfaces and extrusion parameters.

4.  All documents produced in response to requests 1 through 3 above.

HOWREY LLP

ATTACHMENT 1 TO SUBPOENA TO TACTX MEDICAL, INC.
DM_US:20570276_1

-4-